# GEORGE R. BABCOCK
## *v.*
# JOHN McFARLAND.

1. CHATTEL MORTGAGE — *right to retain possession under.* Where a chattel mortgage contains a provision, that, if default shall be made in the payment of the debt, or the mortgagor shall attempt to sell the property, or it shall be levied on under process, or distrained for rent, or he shall attempt to remove the same, or the mortgagee shall be in danger of losing his debt, he may enter upon the premises of the mortgagor and take possession of the same and sell it to raise the money to pay the debt; and that the mortgagor should keep the property insured for a sum sufficient to cover the debt, and keep it in good repair except necessary wear and tear, — *held,* that the mortgage authorized the debtor to retain possession till the debt was due.

2. SAME — *erasure before signed.* Where it appeared in evidence that a clause in the printed form of the mortgage was stricken out, which in terms provided that the property might remain with the debtor, before it was executed, this does not change the right, when such appears to have been the intention from the clauses left in the instrument.

APPEAL from the Circuit Court of Knox county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an agreed case, in the Knox Circuit Court, for the purpose of obtaining the opinion and judgment of the Circuit Court upon a chattel mortgage.

A declaration was filed by George R. Babcock against John McFarland averring a trespass by taking certain articles of personal property of the plaintiff which he refused to return on demand. A plea of not guilty was filed.

The parties waived a jury, and the cause was tried by the court, by consent, at the September Term, 1866. It was admitted on the trial that Leander B. Reynolds was the owner of the mortgaged property when the mortgage was executed on the 2d of January, 1865, to Babcock, and that he remained in possession and apparent ownership until about the 1st of December, 1865, at which date Reynolds sold and delivered the property described in the mortgage to George J. Bergen and Frederick P. Sissen, who conveyed it by a deed of trust to O.

F. Price for John McFarland, about the 5th of December, 1865. The mortgage to Babcock was duly recorded on the 22d of January, 1865. Subsequently to making the trust-deed, Bergen and Sissen made an absolute sale of the property to defendant, and he took possession and so remained at the commencement of the suit. That the property was demanded, but not delivered before the suit was brought.

Plaintiff, on the trial, offered to read the chattel mortgage in evidence, but it was excluded, as affording no evidence of ownership or right of possession by plaintiff, the court holding that it contained no provision authorizing the mortgagor to retain possession, and that it was therefore void as to creditors and purchasers. The court found the issues for the defendant, and rendered judgment in his favor for costs. Plaintiff brings the case by appeal to this court, and assigns for error, the rejection of the mortgage as evidence, and the rendition of judgment in favor of defendant.

Messrs. FROST & TUNNECLIFF, for the appellant.

Messrs. LANPHERE & PRICE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is claimed, that the mortgage, out of which this controversy has arisen, fails to provide, that the mortgagor should retain possession of the goods and chattels therein described, and was therefore void as to creditors and purchasers. The instrument provided, that, if the money to secure which the mortgage was made should be paid at the times therein specified, then the mortgage should be void.

The mortgage contained this provision:

"Then these presents, and every matter herein contained, shall cease, and be null and void. But, in case default shall be made in payment of the said sum of money above mentioned, or any part thereof, at the time above limited, for the payment of the same, or if the said party of the first part shall sell,

assign or dispose of, or attempt to sell, assign or dispose of, the whole or any part of the said goods and chattels, or remove or attempt to remove the whole or any part ' thereof, from the said county of Knox, without the written assent of the party of the second part, or the same or any part thereof shall be seized by virtue of an execution, attachment or warrant of distress against the property of the said Leander B. Reynolds, or if the said party of the second part shall be in danger of losing, from any cause, the whole or any part of the said sum of money above mentioned, by delaying the collection thereof until the time for the payment of the same, then, and from thenceforth, it shall be and may be lawful for the said party of the second part, his executors, administrators or assigns, or his, her or their, authorized agent, to enter upon the premises of the said party of the first part, or any place or places where the said goods and chattels, or any part thereof, may be, and take possession thereof, and to sell and dispose of the same for the best price or prices, that can be obtained therefor at public vendue," etc., — specifying the manner in which notice of the sale should be given.

At the end of the first sentence of this provision, these words had been printed but afterward erased: "And it is expressly agreed by the parties hereto, that the said party of the first part shall have and retain possession of all the said personal property until the ———, A. D. 186-." The mortgage also contained this stipulation : " 'Tis hereby agreed, that the party of the first part shall keep an insurance for the benefit of the party of the second part, on the above described personal property, a sum that is equal to the amount that is due and unpaid, and 'tis further agreed, that the party of the first part is to keep the above machinery in good repair, except necessary wear and tear." These provisions present the question sought to be determined on this record.

The intention of the parties must control, if it sufficiently appears from the language employed in the mortgage. The statute declares, that the parties may provide in the mortgage

itself, that the property may remain in the possession of the mortgagor. It has, however, been repeatedly held by this court, that a mortgage is void as to third persons when the possession remains with the mortgagor, without such a provision in the instrument. If, then, from the language employed in this mortgage, it does not appear that the mortgagor might retain possession, then it was properly rejected when offered in evidence; otherwise it should have been admitted.

In the case of *Letcher* v. *Norton*, 4 Scam. 575, the language of the mortgage was very similar to that employed in this, and the court held, that it provided for the possession to remain with the mortgagor. The court say: " Could any extrinsic evidence be reasonably required to prove that it was the intention of the parties to the mortgage, in which the foregoing language is used, that the title of the property should be separate from its possession? Why should the mortgagor authorize the mortgagee, on default of the payment of the note of the former, to enter upon and seize the mortgaged property, if, at the time of the execution of the mortgage, he (the mortgagee) was intended to and did take possession of it? Such a construction of the mortgage would do violence to its provisions. The mortgage, then, does contain authority to the mortgagor, to retain possession of the property in dispute, until the happening of a certain contingency. To have authorized him expressly, in so many words, to do so, could not have more certainly expressed the intention of the parties that he should do so. If it were susceptible of a doubt, it might be otherwise, but it is not." The language of the mortgage under consideration, is more satisfactory, if possible, than that employed in the case to which reference has just been made.

The mortgage, in this case, has the additional clause, that the mortgagor is to keep the machinery in good repair, except necessary wear and tear. Why such an agreement, unless it was to remain with, and be used by, the mortgagor? Why provide that, in case of default of payment, or the attempt of the mortgagor to sell, assign or dispose of it, or to remove the same from the county, or in case of its seizure on execution,

it should be lawful for the mortgagee to enter upon the premises of the party of the first part and take possession of the property, if it was not intended that the mortgagor should retain possession? How could the mortgagee enter upon the mortgagor's premises and take possession of the property, when it was already in his own hands? We are unable to perceive even a doubt, that it was the intention for the mortgagor to retain possession. It is so clearly expressed, that it would be manifest to all persons by simply inspecting the instrument.

Nor does the fact, that a portion of the printed form was erased, matter. Enough is left to clearly declare the intention. If it had been otherwise, the scrivener would, no doubt, have erased the whole provision and left it so that the intention would not have appeared in the deed. We are not authorized to conclude, that the parties did not intend the possession to remain with the mortgagor, simply from the fact that the sentence was stricken out. It may have been considered useless by the scrivener, while others, perhaps, would have preferred to express the intention by permitting it to remain. But the intention still appears, notwithstanding it was erased.

The court erred in refusing to permit appellant to read the mortgage in evidence, on the trial of the cause in the court below. And for this error the judgment is reversed and the cause remanded.

*Judgment reversed.*